**Jorge MENDOZA–BARRAGAN, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 11–72384.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2013.*

Filed Dec. 18, 2013.

Alejandro Garcia, Law Offices of Alejandro Garcia, Commerce, CA, for Petitioner.

Daniel Eric Goldman, Esquire, Senior Litigation Counsel, Oil, Ada Elsie Bosque, Senior Litigation Counsel, Matthew Allan Spurlock, DOJ–U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel, Depart-

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

ment of Homeland Security, San Francisco, CA, for Respondent.

Before: GOODWIN, WALLACE, and GRABER, Circuit Judges.

### MEMORANDUM **

Jorge Mendoza–Barragan, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals ("BIA") denying his second motion to reopen seeking reissuance of the BIA's prior order dismissing his appeal from an immigration judge's removal order. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial of a motion to reopen, *Hernandez–Velasquez v. Holder*, 611 F.3d 1073, 1077 (9th Cir.2010), and for substantial evidence the BIA's factual determinations, *Siong v. INS*, 376 F.3d 1030, 1036 (9th Cir.2004). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion by denying Mendoza–Barragan's second motion to reopen for reissuance, because the evidence in the record does not compel the conclusion that Mendoza–Barragan did not receive the BIA's prior order dismissing his appeal. *See Hernandez–Velasquez*, 611 F.3d at 1078 ("[T]he BIA enjoys a rebuttable 'presumption of mailing' when it issues a decision accompanied by a properly addressed and dated cover letter ..., [which] may be rebutted by affidavits of nonreceipt...."); *see also Singh v. INS*, 213 F.3d 1050, 1054 n. 8 (9th Cir.2000) ("[S]tatements in motions are not evidence

and are therefore not entitled to evidentiary weight.").

We lack jurisdiction to review Mendoza–Barragan's challenge to the BIA's order of March 27, 2007, denying his first motion to reopen for reissuance, because this petition for review is untimely as to that order. *See Membreno v. Gonzales*, 425 F.3d 1227, 1229 (9th Cir.2005).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).